This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40842**

**STATE OF NEW MEXICO,**

　　　　Plaintiff-Appellant,

v.

**CARLOS OVALLE,**

　　　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** The State appeals from an order of the district court excluding two witnesses. We issued a notice of proposed summary disposition proposing to affirm, and the State has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial disposition was incorrect, and we therefore affirm.

**{2}**     The State continues to assert that the district court abused its discretion in excluding two of the State's witnesses as a sanction for discovery violations. [MIO 7] Specifically, the State argues that the district court's consideration of culpability, prejudice, and lesser sanctions was "both inadequate and illogical." [MIO 8] We review the district court's decision to exclude witnesses for an abuse of discretion. *See State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959 ("We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). "In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *Id.*

**{3}**     Courts have the express authority to "utilize witness exclusion to proactively manage their dockets, achieve efficiency, and ensure that judicial resources—which are greatly limited—are not wasted." *Id.* ¶ 19. While courts "do not possess unfettered discretionary authority to impose witness exclusion," that discretion is not "so limited that it amounts to no discretion at all." *Id.* ¶ 21. Ultimately, "courts are encouraged to ensure the timely adjudication of cases, to proactively manage their dockets, and to utilize appropriate sanctions to vindicate the public's interest in the swift administration of justice." *Id.* ¶ 29.

**{4}**     The district court in this case was aware of the *Harper* factors and the requirement that it evaluate those factors in deciding whether to exclude a witness. [MIO 6] At the hearing on Defendant's motion to exclude, the district court considered culpability and concluded that the State was culpable for nondisclosure of updated witness addresses. [*Id.*] The evidence, taken in the light most favorable to the district court's decision, shows that the witnesses in question had not lived at the address the State had provided for at least two months. [MIO 4] "[A] single violation of a discovery order may suffice to support a finding of culpability." *LeMier*, 2017-NMSC-017, ¶ 24. As such, the State has not demonstrated that the district court's conclusion—that the State failed to disclose updated witness addresses—was not justified by reason. [MIO 4] *See id.* ¶¶ 23-24 (concluding that "the district court did not abuse its discretion in finding the [s]tate culpable" after it failed to provide correct witness addresses, stating that the relevant discovery rule would have "little or no practical value if it were not true that it requires the state to provide *correct* witness addresses").

**{5}**     The district court likewise considered prejudice, noting that between September 2021 and October 2022, "a lot of activity occurred" in what it characterized as an intermediate, "bordering more on complex" case. [MIO 6] Because Defendant did not have contact with the witnesses—including the reporting victim—during that time, the district court reasoned that Defendant was not able to prepare for trial. The district court therefore concluded that the prejudice factor weighed in Defendant's favor. [MIO 6-7] "Courts need not suffer nor tolerate a party's inability to comply with rules and orders but must instead ensure that the party's non-compliance does not result in the waste of judicial resources. *Id.* ¶ 26. The State's assertion that Defendant would have been able to serve the witnesses in question if he had tried to do so sooner [MIO 10], amounts to little more than conjecture, and is insufficient to demonstrate the district court's decision

regarding prejudice was contrary to reason. *See id.* ¶ 25 (identifying needless delay as a source of prejudice and concluding that the trial court did not abuse its discretion in concluding that the state's failure to comply with discovery orders gave rise to prejudice).

**{6}** The district court also considered the availability of lesser sanctions, acknowledging that "lesser sanctions mean[] that we would now provide the addresses." [MIO 7] Acknowledging the lesser sanctions analysis to be "the most difficult aspect" of its analysis, the district court nonetheless concluded that no lesser sanctions that would suffice. [MIO 7] In considering lesser sanctions, a court is "not obligated to consider every conceivable lesser sanction before imposing witness exclusion." *Id.* ¶ 27. Rather, the district court was only required to "fashion the least severe sanction that best fit the situation *and* which accomplished the desired result." *Id.* Courts are tasked with "respond[ing] to the specific violation at issue with a sanction tailored to fit that violation." *Id.* ¶¶ 28-29 (acknowledging that "[p]rogressive sanctions may be impractical or infeasible in some cases"). The State's argument that the district court erred because exclusion was not the sole remedy [MIO 11], is therefore unpersuasive.

**{7}** The State's assertions of error, arguing that "[t]he defense is not blameless" and that not all delay should be attributed to the State, invite this Court to reweigh the district court's assessment of culpability and prejudice. [MIO 10] We decline to do so, and conclude that, given the district court's acknowledgment and on-record discussion of each of the necessary factors, the district court in this case satisfied its obligation to consider and explain its decision to exclude witnesses within the framework articulated in *Harper. See LeMier*, 2017-NMSC-017, ¶ 20.

**{8}** Finally, the State asserts error in the district court's exclusion of two witnesses because argument at the hearing focused primarily on only one of those witnesses. [MIO 12] The State acknowledges, however, that both Defendant's written motion and argument at the hearing made clear that Defendant sought the exclusion of two witnesses. [MIO 12] The State points to a statement made by the district court at the hearing—"it will be the alleged victim, C.M."—to suggest the district court's exclusion only applied to one of the two witnesses. [MIO 12-13] The State has not, however, identified any authority to support its assertion that the district court was obligated to engage in a separate analysis of the *Harper* factors for each witness it decided to exclude. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{9}** Given Defendant's clear written and oral statements regarding the number of witnesses he sought to have excluded and the district court's exclusion of two witnesses in its written order, the district court's single oral remark is insufficient to support the State's assertion that the district court abused its discretion. *Cf. Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 (stating that oral remarks of a trial court in stating its judgment may not be relied upon for reversal); *see generally State v. Lohberger*, 2008-NMSC-033, ¶ 20, 144 N.M. 297, 187 P.3d 162 (stating that a trial

court's oral announcement of a result is not final—and the parties have no reasonable expectation of its finality—until it is put in writing). Because, as an appellate court, this Court necessarily operates with imperfect information about the proceedings we review, "we cannot second-guess our courts' determinations as to how their discretionary authority is best exercised." *Le Mier*, 2017-NMSC-017, ¶ 17. Given the district court's "broad discretionary authority to decide what sanction to impose" and its explicit analysis of the *Harper* factors, we conclude the State has failed to demonstrate the district court abused its discretion in excluding the State's witnesses. *See La Mier*, 2017-NMSC-017, ¶ 22. For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**